**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| CENTER FOR A SUSTAINABLE COAST; and KAREN GRAINEY, Plaintiffs, | ) ) ) ) |
| v. | ) )  Case No. 2:19-cv-58 |
| NATIONAL PARK SERVICE, U.S. DEPARTMENT OF THE INTERIOR; and GARY INGRAM, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT, CUMBERLAND ISLAND NATIONAL SEASHORE, Defendants. | ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER FED R. CIV. P. 12(b)(1)

The Center for a Sustainable Coast and Karen Grainey (collectively, Sustainable Coast) sued the National Park Service and Gary Ingram (collectively, NPS) for not objecting to a private landowner's request to the State of Georgia to build a dock over Georgia marshlands. The Sustainable Coast pleads two bases for subject-matter jurisdiction: the Cumberland Island National Seashore Enabling Act (Seashore Enabling Act) and the Administrative Procedure Act (APA). Neither suffices. Sovereign immunity shields NPS from suit under the Seashore Enabling Act and the APA's limited sovereign immunity waiver is not applicable because the Sustainable Coast is not challenging final agency action. And, even if it is, the Sustainable Coast lacks standing because its injury was not caused by NPS and is not redressable by this Court. For both of these reasons, this Court lacks subject-matter jurisdiction and should grant NPS' motion.

## BACKGROUND

Congress established the Seashore Enabling Act in an effort to, among other things, preserve and maintain Cumberland Island in its natural state.[1] Compl. ¶ 10. The NPS manages Cumberland Island National Seashore. *Id.* ¶ 13. The Sustainable Coast is a non-profit organization dedicated to conservation of Georgia's natural, historic, and economic resources. *Id.* ¶ 4. Its members use and enjoy Cumberland Island for aesthetic, recreational, ecological, and biological values. *Id.* ¶ 5.

Lumar, LLC owns property within the boundaries of Cumberland Island National Seashore. *Id.* ¶ 15. Lumar sought permission from the Georgia Coastal Resources Division (GCRD) and the U.S. Army Corps of Engineers (Corps) to build a dock over marshlands within the Cumberland Island National Seashore. *Id.* ¶ 16. As a part of the process, GCRD asked Lumar's adjacent property owner, NPS, whether it objected to the dock. *Id.* ¶ 17. In particular, GCRD provided NPS with a form titled "Adjacent Property Owner Notification" that listed two options: (a) state NPS does "not have any objections for the project as proposed," or (b) state NPS "object[s] to the issuance of a permit for the proposed work," and explain the reasoning behind the objection. *Id.*

NPS Superintendent Gary Ingram signed a statement for NPS that provided "[a]s an adjacent property owner, I have been informed of the intended construction and reviewed the plans and I do not have any objections to the project as proposed"

---

[1] NPS accepts the facts alleged in the complaint as true for purposes of this motion only.

(the "Letter"). *Id.* ¶ 19. This was not the last step in the GCRD and Corps approval processes. Rather, the Sustainable Coast alleges that the Letter "increased the likelihood" that GCRD and the Corps would allow Lumar to build the dock. *Id.* ¶ 20. After receiving the Letter, GCRD issued Lumar a Letter of Authorization to build a dock and provided a notice of concurrence and no objection for the Corps to issue a Letter of Permission to build the dock. *Id.* ¶ 21. The Corps thereafter issued Lumar a Letter of Permission to construct a dock, *id.* ¶ 22, and Lumar built one. *Id.* ¶ 23.

The Sustainable Coast requests this Court order NPS to "set aside" its Letter. *See* Compl., Prayer for Relief. NPS cannot order Lumar to remove the dock and this lawsuit does not seek this relief. For this reason, the Sustainable Coast filed a separate lawsuit in Fulton County Superior Court against Lumar alleging a violation of Georgia's Marshlands Protection Act. *Id.* ¶ 23. The Sustainable Coast claims that if it prevails in Fulton County, Lumar will need to seek a GCRD dock permit. *Id.* ¶ 25. Only then will the relief requested in the instant action potentially matter. In particular, if Lumar loses in Fulton County and seeks a permit from GCRD, the Sustainable Coast hypothesizes GCRD will be less likely to green light the dock without the Letter. *Id.*

Thus, on its own, setting aside the Letter does nothing. The Sustainable Coast's desired outcome (no dock) is contingent on (1) the Sustainable Coast prevailing in Fulton County, (2) Fulton County ordering Lumar to remove its dock, (3) Lumar deciding to apply for a GCRD permit, and (4) GCRD denying Lumar's

permit request. Neither NPS nor this Court control any of these outcomes. All of these contingencies depend on the decisions of parties not before this Court.

## STANDARD OF REVIEW

The Court must determine whether it has jurisdiction before addressing the merits of a claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 104 (1998). The plaintiff bears the burden of establishing subject-matter jurisdiction. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). Dismissal is proper if subject-matter jurisdiction is lacking. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

A Rule 12(b)(1) challenge comes in two forms, facial or factual. *McElmurray v. Consol. Gov't of Augusta–Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). On a facial attack, review is limited to the face of the complaint. *Id.* Factual attacks, on the other hand, permit consideration of matters outside of the pleadings. *Id.* NPS asserts a facial attack, meaning review is limited to the face of the complaint.

## ARGUMENT

Subject-matter jurisdiction is lacking for two reasons. First, the United States has not waived its sovereign immunity for the specific claims pled by the Sustainable Coast. Second, the Sustainable Coast lacks standing because the relief it wants is dependent on the decisions of third parties not before this Court. Both reasons independently warrant dismissal.

I. __The Sustainable Coast Cannot Establish the Requisite Waiver of Sovereign Immunity.__

A plaintiff cannot maintain an action against the United States unless the United States has unequivocally waived its sovereign immunity. *See United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992); *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued."). The government's consent to be sued must be construed strictly in favor of the sovereign. *Nordic Vill.*, 503 U.S. at 34-35 (quotations omitted). If immunity applies, the Court lacks subject-matter jurisdiction to consider a claim. *Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir. 1996).

a. **The Cumberland Island National Seashore Enabling Act does not Confer Jurisdiction.**

The Sustainable Coast first alleges that jurisdiction is proper under the Seashore Enabling Act. Compl. ¶ 2. But neither NPS' organic statute, 16 U.S.C. § 1, nor the Seashore Enabling Act, 16 U.S.C. § 459i, provide a private cause of action or judicial review. *See Dunn-Campbell Royalty Interest v. Nat'l Park Serv.*, 112 F.3d 1283, 1286 (5th Cir. 1997) (holding NPS' organic statute and similar Padre Island National Seashore Enabling Legislation did not provide for judicial review or a private cause of action); *see also Media Gen. Operations, Inc. v. Herman*, 152 F. Supp. 2d 1368, 1371 n.2 (S.D. Ga. 2001) (citing *Dunn-Campbell* for this proposition in challenge to Department of Labor action). As a result, judicial review is available, if at all, through the APA's limited waiver of sovereign immunity. *See Southern Forest*

*Watch, Inc. v. Sec'y of the Interior*, 2015 U.S. Dist. LEXIS 40201, at *42 (E.D. Tenn. Mar. 30, 2015) (because NPS organic statute does not provide for judicial review, compliance was evaluated through the APA).

### b. The APA does not Provide Subject-Matter Jurisdiction Because the Letter is not Final Agency Action.

The APA "does not provide judicial review for everything done by an administrative agency." *Invention Submission Corp. v. Rogan*, 357 F.3d 452, 459-60 (4th Cir. 2004). Rather, under certain circumstances, section 702 of the APA provides a limited waiver of sovereign immunity and confers subject-matter jurisdiction in conjunction with 28 U.S.C. § 1331. *Herman*, 152 F. Supp. 2d at 1371. This waiver is limited to "final agency action," *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003), which requires satisfaction of two conditions. "First, the action must mark the consummation of the agency's decisionmaking process, it must not be of a tentative or interlocutory nature.  And second, the action must be one by which 'rights have been determined,' or from 'which legal consequences will flow[.]'" *See also Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citations omitted). As the party invoking federal jurisdiction, the Sustainable Coast has the "burden of identifying specific federal conduct and explaining how it is 'final agency action' within the meaning" of the APA. *Colorado Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171, 1173 (10th Cir. 2000).

The second *Bennett* condition ensures the challenged action meets the APA's definition of agency action, which entails "the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C.

§ 551(13). This definition is "limited to those governmental acts that determine rights and obligations." *City of New York v. United States Dep't of Def.*, 913 F.3d 423, 431-32 (4th Cir. 2019) (internal citations, quotations, and alterations omitted). The link to the affected party must be direct, meaning that it is not sufficient to point to a government action that affects a party "through the independent responses and choices of third parties." *Id.*; *see also Norton,* 324 F.3d at 1236 (final agency action must have "direct and immediate consequences").

Inquiry responses that lack direct legal consequences do not fit within § 551(13) and are not reviewable. *See, e.g.*, *Andrews v. United States Health and Human Serv.*, 2005 U.S. Dist. LEXIS 5710, at *10 (D.D.C. Mar. 31, 2005) ("a response to a senatorial inquiry is not a final agency action under the APA"). Rather, to satisfy this second *Bennett* condition and § 551(13), the Letter must have had a direct legal effect on the Sustainable Coast. It did not. The Sustainable Coast's rights and obligations were the same day after NPS sent the Letter as they were the day prior. *See St. Andrews Park, Inc. v. United States Dep't of the Army Corp of Eng'rs*, 314 F. Supp. 2d 1238, 1245 (S.D. Fla. 2004) (finding no final agency action where "the legal rights and obligations of the parties were precisely the same the day after the jurisdictional determination was issued as they were the day before").

The same is true for Lumar. NPS did not authorize Lumar to build a dock. Indeed, the Letter did not "command anyone to do anything; [it did] not grant, withhold, or modify any formal legal license, power, or authority' [it did] not subject anyone to any civil or criminal liability; [it] create[ed] no legal rights or obligations."

*Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 22 (D.C. Cir. 2006). The absence of a direct legal impact flowing from the Letter to the Sustainable Coast (or Lumar) precludes judicial review. *See Norton,* 324 F.3d at 1236-37.

The Sustainable Coast tries to bypass this shortcoming by alleging that the Letter influenced agencies (GCRD and the Corps) that authorized the dock. Compl. ¶ 20. But "[a]n action that does not itself adversely affect a plaintiff, but only adversely affects his rights on the contingency of future administrative action, is not a final agency action." *Alabama v. United States Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1323 (N.D. Ala. 2005). Put another way, the Letter is not final agency action because "the consequences complained of by [the Sustainable Coast] stem from independent actions by third parties." *See Flue-Cured Tobacco Coop. Stabilization Corp. v. United States EPA*, 313 F.3d 852, 860-61 (4th Cir. 2002) (finding that "even when agency action significantly impacts the choices available to the final decisionmaker, this distinction does not transform the challenged action into reviewable action under the APA."); *see also Franklin v. Massachusetts,* 505 U.S. 788, 796-99 (1992) (concluding that a census report authorized by Secretary of Commerce and submitted to President is not a final agency action because "the Secretary's report to the President had no direct effect on reapportionment until the President takes affirmative steps to calculate and transmit the apportionment to Congress").

In short, the Letter was at most a non-final part in the permitting process. NPS participated in this process; it did not and could not conclude it. Because the Letter had no direct legal consequence, it was not a final agency action and this Court lacks

subject-matter jurisdiction. *See Norton*, 324 F.3d at 1238 (finding no final agency action where "no rights or obligations have been fixed by [agency's] behavior" and the agency had not "taken or (refused to take) action so as to impose any legal consequence on any party").

### II. The Sustainable Coast Lacks Standing Because its Injury is not Redressable by a Favorable Decision by this Court.

Even if the Letter was a final agency action, the Sustainable Coast lacks standing. As the party invoking jurisdiction, the Sustainable Coast bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To carry this burden, the Sustainable Coast must demonstrate (1) that it suffered an injury in fact, (2) caused by the challenged action of the defendant, and (3) that the injury is redressable by the court. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. at 103. The second and third factors are absent in this case.

First, NPS did not cause Sustainable Coast's injury, other parties did. To establish causation, the "injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some party not before the court." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011). NPS neither built a dock at Cumberland nor authorized the same. Third parties not before this Court, not NPS, thus caused the Sustainable Coast's alleged injury. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976) (Article III "requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court.").

Second, the Sustainable Coast's injury is not redressable by an order from this Court. To establish redressability, the Sustainable Coast must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. (internal citations and quotations omitted). "The Supreme Court has described redressability as a '*substantial likelihood* that the relief requested will redress the injury claimed.'" *I.L. v. Alabama*, 739 F.3d 1273, 1279 (11th Cir. 2014) (quoting *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 75 (1978)). The Sustainable Coast cannot meet this showing.

In its prayer for relief, the Sustainable Coast requests that the Court set aside the Letter. But this will not lead to the dock's temporary or permanent removal. Rather, to achieve this end, the Sustainable Coast has to (1) prevail in Fulton County, (2) Lumar has to remove its dock, (3) Lumar has to apply for a GCRD permit, and (4) GCRD has to deny Lumar's permit request. An order from this Court has no bearing on the first three of these contingencies and is not outcome determinative on the fourth.[2] It is thus purely speculative to believe that an order from this Court will redress the Sustainable Coast's injury. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 808-09 (11th Cir. 1993) (no standing where it was purely speculative that relief requested would redress injury claimed).

---

[2] The Coastal Marshlands Protection Act does not provide adjoining landowners with veto power over their neighbors dock permit requests. The statute simply makes the applicant responsible for notifying adjoining landowners of the proposed dock and provides that the state "may also make inquiry to adjoining landowners to ascertain whether or not there is objection to issuance of a permit." O.C.G.A. § 12-5-286(d). The committee must consider the "public interest" when passing upon the application for a permit, not simply whether the neighbors object. O.C.G.A. § 12-5-286(g)(1)-(3).

The Sustainable Coast has not alleged that there is a substantial likelihood that relief from this Court will redress the injury claimed. Nor could it. The decision to allow Lumar to build a dock (both in the past and in the future) is up to parties not before this Court. *See Samuels v. Fed. Hous. Fin. Agency*, 54 F. Supp. 3d 1328, 1333 (S.D. Fla. 2014) (finding plaintiffs lacked standing where effective relief was contingent upon acts of third parties not before the Court); *Levine v. Bellsouth Corp.*, 302 F. Supp. 2d 1358, 1367 (S.D. Fla. 2004) (no standing where relief was dependent on actions of independent third parties whose behavior was not subject to any order of the court); *Lewis v. Bentley*, 2017 U.S. Dist. LEXIS 13565, at *15-16 (N.D. Ala. Jan. 31, 2017) (no standing where parties responsible for passing of specific act was not before the court). For this additional reason, the Sustainable Coast lacks standing and this Court lacks subject-matter jurisdiction.

## CONCLUSION

Because this Court lacks subject-matter jurisdiction, the Sustainable Coast's Complaint should be dismissed.

Dated: July 12, 2019

> BOBBY L. CHRISTINE
> UNITED STATES ATTORNEY
>
> *s/ Patrick J. Schwedler*
> Patrick J. Schwedler
> Assistant United States Attorney
> Georgia Bar No. 812312
> P.O. Box 8970
> Savannah, GA 31412
> Telephone: (912) 652-4422
> Fax: (912) 652-4227
> Patrick.schwedler@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF"), which was generated as a result of electronic filing in this Court.

This 12th day of July, 2019.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY


*s/Patrick J. Schwedler*
Patrick J. Schwedler
Assistant United States Attorney