IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CENTER FOR A SUSTAINABLE COAST; and KAREN GRAINEY, <br>     Plaintiffs, <br><br> v. <br><br> NATIONAL PARK SERVICE, U.S. DEPARTMENT OF THE INTERIOR; and GARY INGRAM, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT, CUMBERLAND ISLAND NATIONAL SEASHORE, <br>     Defendants. | Case No. 2:19-cv-58 |

**UNOPPOSED MOTION TO STAY DISCOVERY**

Defendants have moved to dismiss this action in its entirety pursuant to Fed. R. Civ. P. 12(b)(1), asserting its sovereign immunity from plaintiffs' claim that Defendants National Park Service and Gary Ingram (collectively, NPS) violated the Cumberland Island National Seashore Enabling Act (Seashore Enabling Act) and the Administrative Procedure Act (APA). NPS' motion relies on a facial attack to subject-matter jurisdiction, meaning its argument rests on the adequacy of the allegations in the complaint. NPS now seeks an order staying discovery in this case until its motion is resolved by the Court. In accordance with Local Rule 7.1, NPS consulted with plaintiffs' counsel regarding the relief sought in this motion and was advised that plaintiffs do not object to a stay of discovery while its motion to dismiss is pending.

In general, district courts have "broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353,

1366-67 (11th Cir. 1997). Federal Rule of Civil Procedure 26 vests the courts with broad discretion to ensure that parties are not subject to unnecessary and burdensome discovery. In *Chudasama*, the Eleventh Circuit found that "[f]acial challenges to the legal sufficiency of a claim or defense . . . should … be resolved before discovery begins." *Id*. In doing so, the Eleventh Circuit explained that "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id*. Given this, "neither the parties nor the court have any need for discovery before the court rules on the motion." *Id*.

"*Chudasama* does not[, however,] stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. Instead, *Chudasama* and its progeny stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *So. Motors Chevrolet v. Gen. Motors, LLC*, No. 4:14-CV-152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014) (Smith, Mag. J.) (quoting *Alexander v. Allen*, 2:13–CV–885, 2014 WL 3887476 at *1 (M.D. Fla. Aug. 7, 2014) (citations and internal quotations omitted)). Courts confronting requests to stay discovery in the face of potentially dispositive motions generally take a "preliminary peek" at the pending motion to assess the likelihood that it will be granted. *So. Motors Chevrolet*, 2014 WL 5644089 at *1 (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (internal citations omitted)). If there is a pending dispositive motion that could

effectively resolve the issues raised by the lawsuit, a stay of discovery during the pendency of the motion generally will be appropriate.

Yet a different and more deferential rule applies in situations where, like here, a governmental entity asserts it is immune from the suit. Immunity protects not only a government's ultimate liability for the complained-of acts or omissions; it also shields the government from facing the burdens of litigation and discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). District courts therefore should resolve immunity questions at the earliest possible stage in a way that minimizes expenditure of governmental resources. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Recognizing this principle, the Eleventh Circuit has reversed district court orders instructing parties to commence discovery planning while immunity motions are pending. *See Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017) ("the part of the order requiring the parties to develop their Rule 26(f) report before the court ruled on the immunity defenses is also inconsistent with . . . decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted").

Either standard justifies a stay of discovery in this case. NPS asserts its sovereign immunity on the face of the complaint. While the government's invocation of its immunity warrants a stay regardless of the merits of its motion, *see Howe*, 861 F.3d at 1302, the motion is brought in good faith and meritorious. Sovereign immunity shields NPS from suit under the Cumberland Island National Seashore

Enabling Act and the Administrative Procedure Act's limited sovereign immunity waiver is not applicable because plaintiffs are not challenging final agency action.

Accordingly, NPS respectfully requests that the Court stay discovery in this matter until such time as the Court rules on its motion to dismiss for lack of subject-matter jurisdiction.

Dated: July 15, 2019    Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*s/ Patrick J. Schwedler*
Patrick J. Schwedler
Assistant United States Attorney
Georgia Bar No. 812312
P.O. Box 8970
Savannah, GA  31412
Telephone:  (912) 652-4422
Fax:  (912) 652-4227
Patrick.schwedler@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF"), which was generated as a result of electronic filing in this Court.

This 15th day of July, 2019.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY


*s/Patrick J. Schwedler*
Patrick J. Schwedler
Assistant United States Attorney