# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

CENTER FOR A SUSTAINABLE COAST
AND KAREN GRAINEY

Plaintiffs,

v.

NATIONAL PARK SERVICE, U.S.
DEPARTMENT OF THE INTERIOR AND
GARY INGRAM, IN HIS OFFICIAL
CAPACITY AS SUPERINTENDENT,
CUMBERLAND ISLAND NATIONAL
SEASHORE,

Defendants.

2:19-CV-58

FILED
Scott L. Poff, Clerk
United States District Court
By MGarcia at 3:26 pm, Mar 27, 2020

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Reconsider. Dkt. No. 34. Specifically, Plaintiffs ask the Court to reconsider its March 19, 2020 Order granting Defendants' Motion to Dismiss (the "Dismissal Order"). Dkt. No. 33. The Court will assume the parties' familiarity with the facts and procedural history of this case, which is set forth in detail in the Dismissal Order.

In support of their motion, Plaintiffs point to "newly discovered evidence" that they argue lends factual support to the contention that Defendants' letter of "no-objection" caused the Georgia Costal Resources Division ("GCRD") and the United States Army Corps of Engineers (the "Corps") to grant Lumar, LLC

authorization to construct a dock. Namely, Plaintiffs identify an email from the Corps to the applicant (the "Email") in which the Corps states:

> In order for me to consider this application complete, I need . . . a letter from the National Park Service stating that they do not have any objections to the proposed project . . . [T]his application is incomplete and considered administratively withdrawn at this time.

Dkt. No. 34-1.

The Court finds that the Email is not sufficient to merit reconsideration. "A district court should only grant a motion for reconsideration on the basis of newly discovered evidence when the evidence is 'such that a new trial or reconsideration of the final judgment or order would probably produce a new result.'" Caraway v. Sec'y, United States DOT, 550 Fed. App'x 704 (11th Cir. 2013) (quoting in re Consorcio Ecuatoriano de Telecommuncaciones S.A. v. JAS Forwarding (USA), Inc., 685 F.3d 987, 1001 (11th Cir. 2012)). Plaintiffs have not met this standard. Nothing about the Email suggests that the Corps would necessarily authorize the dock project if it received a letter of no-objection from NPS. Instead, the Email simply stated that a no-objection letter from NPS was necessary to move forward with the application. Indeed, the Email shows that the Corps requested many other pieces of information as well, presumably at least some of which could significantly influence its decision. Ultimately, because the Corps remained "free to make its own determination irrespective of objections by

2

adjacent landowners, the NPA letter 'serve[d] more like a tentative recommendation than a final and binding determination.'" Dkt. No. 33 at 11 (quoting Franklin v. Massachusetts, 505 U.S. 788, 798 (1992)).

Accordingly, Plaintiffs have still failed to show that Defendants' decision to issue a letter of no-objection was "one by which rights or obligations have been determined, or from which legal consequences will flow." Id. at 7-8 (quoting Bennett v. Spear, 520 U.S. at 154, 178 (1997)).

For these reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**SO ORDERED**, this 27th day of March, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3