**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| CENTER FOR A SUSTAINABLE COAST; and KAREN GRAINEY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:19-cv-58 |
| v. | ) ) ) | |
| U.S. ARMY CORPS OF ENGINEERS; and COLONEL RONALD J. STURGEON, in his official capacity as District Commander and District Engineer, U.S. Army Corps of Engineers, Savannah District, | ) ) ) ) ) ) | |
| Federal Defendants. | | |

<u>**JOINT RESPONSE TO THE COURT'S ORDER (ECF NO. 115).**</u>

Pursuant to the Court's Minute Order (ECF No. 115), Plaintiffs Center for a Sustainable Coast and Karen Grainey, and Federal Defendants the United States Army Corps of Engineers and Colonel Ronald J. Sturgeon[1] (the "Corps") (together, the "Parties") have conferred and hereby agree and respond as follows:

1.  The Parties agree that no further briefing is necessary as it relates to Plaintiffs' remaining claim, Count II, the National Environmental Policy Act ("NEPA") claim.

2.  The Parties agree that the Court should rule on the Parties' existing summary judgment briefs (ECF Nos. 68, 71, 82, and 88) as they relate to the merits of Count II, the NEPA claim.

3.  Plaintiffs' position is this Court should also consider the Parties' statements of material

---

[1] Col. Ronald J. Sturgeon is the successor of Col. Joseph R. Geary and is "automatically substituted as a party" under Fed. R. Civ. P. 25(d).

facts and the responses thereto (ECF Nos. 77, 78, and 83, except for parts this Court held "may not be considered for purposes of the underlying APA review." (ECF No. 96 at 9-10 (striking ECF No. 77, ¶¶ 52 and 57 except for standing purposes, and striking the first sentence of ¶ 52 for any purpose)). *See*, Order at ECF No. 74 (directing parties to file statements of material facts and responses). Plaintiffs' statement of material facts points out important factors missing from the administrative record and unexplained conflicts between different parts of the record. It does so without relying on extra-record material.[2]

4.  Federal Defendants' position is that when an agency action is challenged under the Administrative Procedure Act ("APA"), the court is not required to resolve any facts and the court's review is confined to the administrative record. ECF No. 78 at 1-2. Additionally, references to extra-record materials may not be considered for purposes of the underlying APA review. *See* Court's Order, ECF No. 96 at 9-10.

Respectfully submitted this 8th day of August 2024.

JILL E. STEINBERG
United States Attorney

TODD KIM
Assistant Attorney General

*s/ Esosa Aimufua*
ESOSA AIMUFUA
D.C. Bar No. 1672003
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section

---

[2] By consenting to their NEPA claim being decided on the existing summary judgment briefs and statements of material fact, plaintiffs do not waive their argument that the Court should have allowed the administrative record to be supplemented with extra-record documents filed at ECF Nos. 54-1 and 54-2, and this response should not be deemed to affect any right to appeal the Order denying plaintiffs' motion to supplement the administrative record (ECF No. 65).

2

Esosa.Aimufua@usdoj.gov
Telephone: (202) 532-3818
Facsimile: (202) 305-0506


BRADFORD PATRICK
South Carolina Bar No. 102092
Assistant United States Attorney
P.O. Box 8970
Savannah, GA 31412
Bradford.Patrick@usdoj.gov
Telephone: (912) 652-4422

*Attorneys for Federal Defendants*


/s/Jon L. Schwartz
Jon L. Schwartz
Ga. Bar. No. 631038
Jon L. Schwartz, Attorney at Law, P.C.
1100 Peachtree St., N.E., Suite 250
Atlanta, GA 30309
404-667-3047
jon@jonschwartz.net

*Attorney for Plaintiffs*